### No. 197
#### ELIZABETH DONSELMAN v. JAMES E. MULLIGAN

No. 18371. Filed in the Supreme Court Feb. 7, 1924, 2 Abs. 131
Error to Cuyahoga Appeals. See Pg. 202
Published Only in Ohio Law Abstract

**129.. BASTARDY—Liability of putative father, for support of child.**

This suit was brought in the Common Pleas Court by Elizabeth Donselman to collect for the care and support of her minor son for the previous six years' time and she claims that Dr. Mulligan was the putative father of the boy, who, at the time of starting the case, was about 17 or 18 years of age.

The plaintiff had a husband living at the time the said child was begotten and the Common Pleas held that the plaintiff was wholly incompetent to testify to the fact of non-access by her husband, but the Common Pleas held that if she had been a competent witness to the fact of non-access, judgment ought to be rendered for her.

The plaintiff took the case to the Court of Appeals and the Court of Appeals of Cuyahoga County held that the plaintiff was a competent witness to the fact of non-access, but the Court of Appeals held that the plaintiff had no right to maintain a case for support of a bastard child when the putative father had never been legally charged with its support and therefore rendered judgment for the defendant.

The motion to certify the record to the Supreme Court has therefore been filed by the original plaintiff in an effort to show that the mother of an illegitimate child does have the right to maintain an action to recover money expended for its support and education.

Attorneys—C. D. Ainger and H. R. Hile, Cleveland, for Donselman; Crosser & Bishop, Cleveland, for Mulligan.

---

### No. 198
#### AMERICAN INDEM. CO. v. MEYER

Error to Court of Appeals, Hamilton County
Motion for Order to Certify Record
Filed in Supreme Court Feb. 5, 1924
2 Abs. 131

**47. AUTOMOBILES.**
**220 INSURANCE.**
Published Only in Ohio Law Abstract

Action to recover on a policy of automobile theft insurance, commenced in the Municipal Court of Cincinnati, in which Meyer was plaintiff and the Indemnity Co. was defendant. The parties are herein refer ed to as plaintiff and defendant, as they appeared in the trial court.

Plaintiff was insured by defendant against loss or damage to his automobile by, "Theft, robbery or pilferage, excepting by any person or persons in assured's household or in assured service or employment . . ."

On or about July 15, 1922, while the policy was in effect, plaintiff's son had custody of the car and he and one Stetson were using it in selling some specialty in and about Cleveland and that the son had been employed by Stetson because he could furnish the car. Young Meyer was suddenly called to his home in Cincinnati. He and Statson drove to the Cleveland depot in the car. He left the car in Statson's possession and told him to take it back to its parking place, which was a yard in the rear of their rooming house. When he returned to Cleveland about a week or so later, he was unable to find Stetson or the car.

The Municipal Court found for the plaintiff. The Common Pleas affirmed the Municipal Court. The Court of Appeals affirmed the Common Pleas.

Plaintiff herein claims error on the ground that the loss of the machine was not due to "Theft, robbery or pilferage," but to conversion by one who was in lawful possession.

Attorneys—W. W. Symmes and William C. Busch, Cincinnati, for Indemnity Co.

---

### No. 199
#### CENTRAL OHIO GAS CO. v. OHIO PUBLIC UT. COM.

Error to the Public Utilities Commission
No. 28323. Petition to Have an Order Reversed and Vacated
Filed in the Supreme Court January 21, 1924
2 Abs. 83

**309A. PUBLIC UTILITIES.**
Published Only in Ohio Law Abstract

On June 14, 1923, the Utilities Commission made an order, which order set forth that informal complaint had been made to the Commission that the Gas Co. had notified certain of its consumers that service would be discontinued on certain lines after a certain date. The Gas Co. was ordered not to discontinue this service.

The Gas Co. now seeks to have this order set aside, claiming that the order was made without the filing of any formal complaint, without any notice to the Gas Co. and without any hearing; also that the Gas Co. was operating under franchises and grants and contractual rights entered into prior to the passage of the act under which the order was issued; and also that the order constitutes a confiscation of the Gas Co.'s property.

Attorneys—C. H. Henkel, Mansfield, for Gas Co.; C. C. Crabbe, Atty Gen., Columbus, for Commission.